STATE OF NEBRASKA, APPELLEE, V. JEFFREY P. NUSS, APPELLANT.

260 N. W. 2d 624

Filed January 4, 1978. Nos. 41300, 41301.

Dean E. Erickson, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

On December 19, 1974, the defendant entered a plea of guilty to a charge of larceny from the person alleged to have been committed on September 18, 1974. At that time another similar charge, allegedly committed on September 23, 1974, was dismissed. On January 30, 1975, he was sentenced to 2 years probation. In October 1976, an information was filed charging him with violation of the terms of his probation by having failed to refrain from unlawful conduct, to wit, by having on July 30, 1976, unlawfully delivered a controlled substance, marijuana. Two separate criminal charges of delivery of controlled substances, to wit, marijuana on July 30, 1976, and possession of heroin on August 6, 1976, were also filed. He then pled guilty to the information charging parole violation and to the marijuana charge.

The heroin charge was dismissed. He was sentenced to terms of 1 to 2 years on the charge of larceny from the person and 1 to 2 years on the charge of delivery of marijuana. Said sentences were ordered to be served consecutively.

On this appeal defendant asserts that the trial court abused its discretion in imposing consecutive sentences because another person, an associate of the defendant, one Griggs, who likewise pled guilty to delivery of marijuana, received a sentence of 1 to 2 years. The defendant asserts, and the record shows, that Griggs was involved in and had also pled guilty to a charge of larceny from the person, apparently involving the same incident or incidents in which the defendant participated. Griggs, however, had been discharged from his probation previous to the commission of the marijuana offense.

The defendant argues that as between himself and Griggs there has not been evenhanded justice and therefore this court should order the sentences to be served concurrently.

It is evident that Griggs, having been discharged from his probation, could not be sentenced on the larceny charge. The record before us, including the presentence investigation report, clearly supports the conclusion that defendant was dealing in marijuana and other drugs and that he was in possession of the small quantity of heroin which was the subject of the charge that was dismissed. Although given an opportunity to challenge the record, the defendant did not do so.

The fact that Griggs, for apparently sufficient reasons, was discharged from his probation on the larceny charge and that the defendant, for apparently good reason, had not been so discharged is sufficient to justify the seemingly different results in this case. Griggs' prior record is not before us.

AFFIRMED.